Krishna MUIR, Appellant

v.

NAVY FEDERAL CREDIT UNION
and Patricia L. Dearing,
L.L.C., Appellees.

No. 05-7128.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 24, 2006.

Devashis A. Kayal, Law Office of Dev A. Kayal, Silver Spring, MD, for Appellant.

Francis Joseph Nealon, Ballard Spahr Andrews & Ingersoll, LLP, Aaron L. Handleman, Justin Flint, Eccleston & Wolf, Washington, DC, for Appellees.

Before: HENDERSON, RANDOLPH and GRIFFITH, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the appeal be dismissed for lack of jurisdiction.

■ Our appellate jurisdiction depends on whether the district court rendered a final judgment. 28 U.S.C. § 1291. Federal Rule of Civil Procedure 54(b) requires as prerequisite to a final judgment either that the district court adjudicate all claims against all of the parties or that, with regard to some claims for which it seeks to enter final judgment before concluding others, the district court make "an express determination that there is no just reason for delay and ... an express direction for the entry of judgment." The district court issued three separate orders in this case. *See* Mem. Op. and Order, Feb. 28, 2005; Mem. Op. and Order, March 1, 2005; Final Judgment, Aug. 19, 2005. Cumulatively, these orders fail to address all of the claims pleaded in Muir's complaint. And none of these orders makes an "express determination" under Rule 54(b). The consequence is that the district court has

not issued a final judgment giving this court appellate jurisdiction under § 1291.

The district court granted summary judgment in Muir's favor on the claim of tortious conversion against Navy Federal Credit Union. *See* Mem. Op. and Order, March 1, 2005, at 3. In so doing, the court instructed that "judgment will be entered against NFCU in the amount of $ 27,-022.90." *Id.* In the remainder of its opinion and in its later opinion and order addressing Muir's claims against the Credit Union, the district court did not mention Muir's conversion claims again. *See id.;* Mem. Op., Aug. 19, 2005. The district court failed to resolve all of Muir's conversion claims. Muir sought actual damages in the amount awarded by the district court, and sought compensation "for all other actual and compensatory damages to be proven at trial, punitive damages to the maximum permitted by law, plus prejudgment and post judgment interest attorney fees and all costs." Compl. ¶ 123. The district court never ruled one way or the other on Muir's claims for additional damages related to the Credit Union's conversion. While Muir included all of these claims under one count in his complaint, *see* Compl. ¶¶ 114–23, each request for damages constitutes a distinct "claim." *See* FED.R.CIV.P. 8(a); *see also Alonzi v. Budget Constr. Co.,* 55 F.3d 331, 332–33 (7th Cir.1995) (explaining that pleas for compensatory and punitive damages comprise separate claims, even when arising from the same operative facts). In the absence of a decision disposing of Muir's additional claims there is no final judgment. *See Barham v. Ramsey,* 434 F.3d 565, 571 (D.C.Cir.2006).

With regard to defendant Patricia L. Dearing, L.L.C., the district court granted Dearing's motion to dismiss. *See* Mem. Op. and Order, Feb. 28, 2005, at 3. The memorandum opinion, however, discusses only the statutory claims Muir filed under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692. The district court's dismissal on the basis that Muir lacks standing to bring these claims—regardless of its merits—did not reach the tort claims Muir also filed against Dearing. *See* Compl. ¶¶ 115, 136. Dearing styled its motion as one for dismissal or, in the alternative, summary judgment. If the district court concluded that the facts did not support the allegations underlying Muir's tort claims, the proper disposition was summary judgment, not dismissal. Counsel for Dearing suggests that the district court dismissed Muir's claim for tortious interference with a business expectancy in the August 19, 2005, opinion and order, but that opinion and order address only the tortious interference claim brought against the Credit Union. *See* Mem. Op., Aug. 19, 2005. Even if the district court intended its August 19, 2005, opinion and order to dismiss the tortious interference claim with respect to both defendants, Muir's claim against Dearing for tortious conversion is unaddressed.

The district court also failed to adhere to FED.R.CIV.P. 58(a), which requires each judgment to be set forth on a separate document. The separate judgment rule exists to increase clarity, precisely so that the situation we have here—parties uncertain of which claims the trial court has adjudicated at which times—does not arise. *See* FED.R.CIV.P. 58, 2002 Advisory Committee Note.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.Cir. Rule 41.