Paulette ALONZI, Rose Flagg and Lola Starling, Plaintiffs–Appellees,

v.

BUDGET CONSTRUCTION COMPANY, Defendant–Appellant.

No. 94–3171.

United States Court of Appeals, Seventh Circuit.

Argued April 27, 1995.

Decided May 25, 1995.

Lisa I. Goren, Bernard W. Moltz, Michael Yovanovich (argued), Moltz & Associates, Chicago, IL, for plaintiffs–appellees.

Konstantinos K. Markakos, Steven R. Penn (argued), Chicago, IL, for defendant-appellant.

Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.

POSNER, Chief Judge.

This case involves a tangle of jurisdictional issues. Back in 1986 the plaintiffs hired Budget Construction Company to do some electrical work on property that they owned. To pay for the work, they gave Budget a first mortgage of $25,000, which Budget assigned to Union Mortgage Company. Later they

borrowed some money from Union Mortgage, giving it a second mortgage on the property. In 1993, they sued Budget and Union Mortgage in an Illinois state court for fraud and breach of contract, seeking punitive as well as compensatory damages; the specifics of the claim are of no significance to this appeal and we omit them. Budget's lawyer failed to file an appearance, and the plaintiffs moved for a default judgment. In November 1993, the judge issued an ex parte default judgment against Budget for compensatory damages in the amount of $52,543.96, but said in the same order that he "reserves ruling on Punitive Damages for further evidence." Although Union Mortgage appears in the caption of the order as a defendant, the order proper does not refer to it. A month later Union Mortgage dissolved and its liabilities were assumed by Resolution GGF, a corporation wholly owned by the government of Finland. Resolution GGF was substituted for Union Mortgage in the plaintiffs' suit and promptly removed the case to federal district court, pursuant to 28 U.S.C. § 1441(d), which allows foreign states (as defined in 28 U.S.C. § 1603(a)) to remove suits against them from state to federal court. Although notice of the removal of the suit was sent to Budget's law firm, Budget did not file an answer or appearance. Two months later, the law firm, having learned about the default judgment because the plaintiffs had begun efforts to collect it, and having then fired the lawyer handling Budget's case for substance abuse and gross insubordination, moved in federal court to vacate the state court's default judgment, now pending in federal court because of the removal of the case. While the motion was under consideration, the plaintiffs settled with GGF, which was then dismissed as a defendant, leaving Budget. The district judge denied the motion to vacate the default judgment against Budget, which appeals. The plaintiffs and Budget have agreed on a payment plan for the satisfaction of the default judgment, but completion of the payments is contingent on the judgment's not being vacated.

We asked the parties to brief the question whether the district judge's order refusing to vacate the default judgment was final and appealable, or made the default judgment itself final and appealable. To our surprise, the parties, when alerted to the existence of a jurisdictional problem, agreed that we have appellate jurisdiction even though the default judgment entered by the state court expressly reserved the issue of punitive damages for a future determination not as yet made. Budget argues that the plaintiffs have abandoned their claim for punitive damages. The plaintiffs deny this but submit that an award of punitive damages, like an award of attorneys' fees, is collateral to the judgment and therefore does not affect the judgment's appealability.

Both sides are wrong. The plaintiffs have not waived their claim for punitive damages. It is true that in the eighteen months since the default judgment was entered, they have taken no steps to obtain an award of punitive damages. They have been content, so far at any rate, to collect as much as they can of the award of compensatory damages. Their decision to postpone active efforts to obtain punitive damages while Budget's motion to vacate was under consideration is perfectly understandable without positing a waiver of which the delay is the sole evidence, since efforts to obtain an award of punitive damages might be largely or even entirely wasted should the motion be granted and the default judgment set aside. There is a better argument, though one not made by Budget. Since, in federal court at any rate, a judgment cannot be enforced until it becomes final, *In re Berke*, 837 F.2d 293 (7th Cir. 1988), the plaintiffs' decision to begin collection efforts implies abandonment of the punitive damages claim, for otherwise there would be no basis for attempting collection. Not only is the argument not made; in thinking they had a final judgment, the plaintiffs may well have been laboring under the same misconception that underlies their argument for finality in this court—that an award of punitive damages would be collateral to the judgment awarding compensatory damages and would therefore not affect the finality of the latter judgment. If this is what they were thinking, there is no basis for supposing they meant to abandon their claim for puni-

tive damages. On the contrary, the misconception presupposes the claim.

■ But misconception it is. When one or more of the claims in a litigation remain pending in the district court, any "judgment" is nonfinal unless the district court enters a Rule 54(b) judgment, which was not done here. For a pertinent example, see *Harris v. Goldblatt Bros., Inc.*, 659 F.2d 784 (7th Cir.1981). The fact emphasized by the plaintiffs that punitive and compensatory damages have different purposes—punishment and compensation—has no bearing on the issue of finality. The analogy to attorneys' fees, the standard example of a "collateral" matter in the sense that its pendency in the district court does not foreclose an appeal from the judgment resolving the plaintiff's remaining claims, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), is remote. A claim for attorneys' fees (other than an interim claim) cannot be quantified until the entry of final judgment. So, if the pendency of such a claim prevented the judgment from becoming final, it could never become final.

■ The district court's order is nonfinal for another reason. Although the order entered by the state court before the case was removed is denominated a default *judgment*, it was entered ex parte and corresponds to what in federal procedure is termed a default *order*. Compare Fed. R.Civ.P. 55(a) with Fed.R.Civ.P. 55(b). Once a case is removed from state to federal court, federal procedure governs. Fed.R.Civ.P. 81(c). So although any rulings made in state court before removal remain in force unless specifically abrogated by the district judge, *Reilly v. Waukesha County*, 993 F.2d 1284, 1287 (7th Cir.1993); 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3738, p. 752 (1976), they have to be translated into the corresponding federal procedural terminology. Otherwise the force of the rulings would be altered by accidents of nomenclature— what in the federal rules would be called an "order" becoming a "judgment" because that was the term used in the lexicon of the state courts to denote such an order. As a result of the necessary process of translation in this case, the default "judgment" entered by the state judge had to be reclassified as a default "order," which is nonfinal and therefore could not be appealed.

Budget complains that if we dismiss the appeal it will have no remedy against what it contends is the district court's improper refusal to vacate the default "judgment," because the plaintiffs are in the process of collecting the judgment. Budget should have thought of that before it started paying a judgment that, not being final, was not yet enforceable. We must leave to its new lawyer's imagination the question what course to pursue in the district court, as we do not have jurisdiction and Budget's failure to resist improper collection efforts obviously cannot confer jurisdiction on us.

■ Since the case continues in the district court, we should warn the district judge about another unrecognized jurisdictional issue. The plaintiffs and Budget are citizens of the same state (Illinois), and the plaintiffs' claim is based solely on state law. So if Union Mortgage had not been a defendant also *and* a Finnish government corporation had not been substituted for it, there would have been no basis for the federal court to assert jurisdiction over the plaintiffs' suit. The parties have assumed that the removal of the plaintiffs' suit against GFF brought along with it their parallel suit against Budget, presumably under the supplemental jurisdiction of the federal district court, 28 U.S.C. § 1367, though the parties have not cited this provision of the Judicial Code and indeed neither they nor the district judge have ever addressed the removability of the entire case. The majority view is that the statute authorizing the removal of suits against a foreign state, 28 U.S.C. § 1441(d), authorizes the removal of the entire case, even if there are nonforeign defendants. *In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1258–60 (11th Cir.1992); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064–66 (5th Cir. 1990); *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407–10 (9th Cir.1989). But it is not a unanimous view. *Schlumberger Industries, Inc. v. National Surety Corp.*, 36 F.3d 1274, 1282–84 (4th Cir.1994). We cannot resolve the issue for this circuit in this case because

we do not have jurisdiction over the case; so we merely flag the issue for the consideration of the district court.

If the court decides that it has jurisdiction, it must next consider whether, with the foreign government entity having now dropped out of the case, the court must, or should, or may relinquish its supplemental jurisdiction over the plaintiffs' claims against Budget and remand the case to the state court from which it was removed for the determination of punitive damages and the tying up of any other loose ends. In an ordinary case of supplemental jurisdiction, the presumption is in favor of relinquishment when the claim that is within the original jurisdiction of the district court is dismissed before trial. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir.1993). But at least one court believes that since section 1441(d) is designed exclusively for the protection of foreign sovereigns, once no foreign sovereign is left in the case dismissal is mandatory unless, of course, there is some other basis of federal jurisdiction. *Schlumberger Industries, Inc. v. National Surety Corp., supra,* 36 F.3d at 1283–85 (dictum).

These are matters for the district court to think about. The appeal is

DISMISSED.