In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1029

MELVIN KIMBRELL,

*Plaintiff-Appellant,*

*v.*

KARY BROWN and KOETTER WOODWORKING, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 09-cv-511-JPG—**J. Phil Gilbert**, *Judge.*

ARGUED NOVEMBER 5, 2010—DECIDED JULY 11, 2011

Before EVANS, SYKES, and HAMILTON, *Circuit Judges.*

SYKES, *Circuit Judge.* Melvin Kimbrell, a citizen of Illinois, brought personal-injury claims against Kary Brown and Brown's employer, Koetter Woodworking, Inc., citizens of Indiana. After Brown notified the district court that he had filed for Chapter 13 bankruptcy, the district court stayed the case as to Brown, as required by the Bankruptcy Code. The district court then dismissed Kimbrell's claims against Koetter Wood-

working with prejudice, finding that Kimbrell failed to exercise reasonable diligence in serving process under Illinois Supreme Court Rule 103(b).

Kimbrell appealed the district court's dismissal of his claims against Koetter Woodworking. We dismiss the appeal for lack of jurisdiction. The dismissal of Kimbrell's claims against Koetter Woodworking was not a final judgment because Kimbrell continues to seek adjudication of his claims against Brown.

## I. Background

In October 2006 on a road in St. Clair County, Illinois, a tractor-trailer that Kary Brown was driving for Koetter Woodworking collided with a car in which Melvin Kimbrell was a passenger, causing physical injuries to Kimbrell. In October 2008, shortly before the two-year statute of limitations was to expire, *see* 735 ILL. COMP. STAT. 5/13-202 (2011), Kimbrell filed personal-injury claims in Illinois state court against Brown and Koetter Woodworking. Kimbrell did not serve process on the defendants until eight months later in June 2009. The defendants removed the case to the Southern District of Illinois based on diversity jurisdiction. Brown then informed the district court that he had filed for Chapter 13 bankruptcy in February 2008. The district court stayed the case as to Brown pursuant to 11 U.S.C. § 362(a)(1), the provision of the Bankruptcy Code that mandates a stay of any proceeding against a bankruptcy petitioner for claims arising out of prepetition events. Koetter Woodworking, on the other hand, moved to dismiss

Kimbrell's complaint for failure to exercise reasonable diligence in serving process under Illinois Supreme Court Rule 103(b). The district court noted that Illinois law "does not carry bright lines or finite deadlines" for serving process after filing a complaint. *Kimbrell v. Brown*, No. 09-cv-511-JPG, 2009 U.S. Dist. LEXIS 118901, at *11 (S.D. Ill. Dec. 17, 2009). Instead, it calls for plaintiffs to "exercise reasonable diligence" in serving process, as measured by "the totality of the circumstances." ILL. S. CT. R. 103(b). After weighing the relevant circumstances, which we need not detail here, the district court granted the motion to dismiss. The district court never entered any judgment, however; the docket simply shows the case as "terminated" with respect to Koetter Woodworking, and no such entry appears for Brown.

Kimbrell appealed the district court's dismissal of his claims against Koetter Woodworking. We noted preliminarily that the district court's order of dismissal might not be a final appealable judgment and asked the parties to file memoranda on appellate jurisdiction. The parties did so, and we permitted the appeal to proceed but ordered the parties to more fully address appellate jurisdiction in their merits briefs.

## II. Discussion

Kimbrell contends that we have jurisdiction over his appeal because the district court's dismissal of his claims as to Koetter Woodworking was an appealable final judgment under 28 U.S.C. § 1291. The final-judgment rule holds that a decision is final where it "ends the

litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 661 (7th Cir. 1998) (quotation marks omitted). In other words, "[s]o long as the matter remains open, unfinished or inconclusive" in the district court, "there may be no intrusion by appeal." *Id.* The purpose of § 1291 and the final-judgment rule "is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results*." Id.* at 662.

This case raises the question whether a district court's dismissal of claims against one defendant constitutes a final judgment when in the same case, the plaintiff's claims against another defendant were automatically stayed under 11 U.S.C. § 362(a)(1). Under this provision of the Bankruptcy Code, a petition for bankruptcy

> operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

*Id.* The automatic stay "is designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992); *see also Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 910 (6th Cir. 1993). By halting litigation against the debtor, the stay "gives the debtor a breathing spell from his creditors. It stops all collection efforts, all

harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R. REP. NO. 95-595, at 340 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296-97.

Kimbrell maintains that his lawsuit against Brown was void *ab initio* because it was filed during the pendency of Brown's bankruptcy petition in violation of the automatic-stay provision. Therefore, his argument goes, the only "true" defendant in the case was Koetter Woodworking, so the district court's order dismissing the claims against *that* defendant disposed of all claims against all "true" parties and is therefore a final appealable judgment.

Kimbrell may or may not be correct that his lawsuit against Brown was void *ab initio*. We have recognized that there is a "debate among the circuits over whether [actions filed in violation of the automatic stay] are void or merely voidable.*" Middle Tenn. News. Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 n.6 (7th Cir. 2001). We have had "no occasion to . . . forage into the debate," *id.*, and this case doesn't present an opportunity to do so. Even assuming that Kimbrell's suit as to Brown was "void *ab initio*" in the sense that other courts have used this term to describe actions filed in violation of the automatic stay, the Bankruptcy Code allows for later adjudication of such suits, which precludes finality under the circumstances presented here.

The Code gives the bankruptcy court broad authority to grant relief from the automatic stay "such as by termi-

nating, annulling, modifying, or conditioning" the stay in various enumerated circumstances. 11 U.S.C. § 362(d). As an example of the operation of this rule, in *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 177 (5th Cir. 1989), the plaintiffs, like Kimbrell here, filed a complaint against a defendant that had, unbeknownst to them, filed for bankruptcy. Upon learning of the automatic stay, the plaintiffs moved the bankruptcy court for relief, which the bankruptcy court granted. *Id.* at 180. Therefore, the claims were ordered to proceed to judgment in the district court. *Id.* at 180-81; *see also In re Schwartz*, 954 F.2d 569, 572-73 (9th Cir. 1992) (recognizing that § 362(d) "gives the bankruptcy court wide latitude in crafting relief from the automatic stay").

In addition, under 11 U.S.C. § 108(c), when a plaintiff receives notice that a defendant's automatic stay has been terminated, he may pursue a claim against that defendant within 30 days of receiving such notice, even if the applicable statute of limitations expired during the stay.[1] *See also Easley*, 990 F.2d at 912. The automatic stay

---

[1]  Section 108(c) provides:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after
>
> (continued...)

also tolls the statute of limitations under Illinois law, providing another basis for plaintiffs to press claims that would otherwise become time-barred during the stay. *See* 735 ILL. COMP. STAT. 5/13-216 (2011).

Kimbrell appears to have used the bankruptcy stay to engage in procedural maneuvering in contravention of the final-judgment rule. He has taken contradictory positions here and in the district court about whether his claim against Brown remains alive. At oral argument we pressed Kimbrell's counsel about the inconsistency of his positions, and he was unable to offer any explanation:

> COUNSEL:   We are treating the suit against Mr. Brown as having been void *ab initio* . . . .

> THE COURT: Apparently, that's not been communicated to the district court. . . .

> COUNSEL: I don't think the trial court has been advised that the claim against Mr. Kary [Brown] is void *ab initio*, . . . that there is no pending claim.

> THE COURT: Don't you think they might want to know?

> COUNSEL: Probably. . . .

---

[1] (...continued)
notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title [11 U.S.C. §§ 362, 922, 1201 or 1301], as the case may be, with respect to such claim.

THE COURT: You haven't communicated this idea that the lawsuit is void?

COUNSEL: I've raised various issues with trial [co]counsel, but there has been no communication with the district court advising them of this.

THE COURT: Well, what are we to make of that? Because apparently . . . your cocounsel is keeping the case alive, and you're telling us it's void. I don't think you can have it both ways.

COUNSEL: I think that's a fair assessment, Your Honor. . . . I don't have a response other than it has not been communicated.

Our own research has since revealed that, in fact, Brown's bankruptcy stay was lifted several weeks before the oral argument in this court,[2] and Kimbrell filed a new complaint against Brown in Illinois state court just two days before the argument. This second case was removed to the Southern District of Illinois

---

[2] To be precise, there were actually two bankruptcy stays, the second of which was lifted several weeks before the November 5, 2010 oral argument in this court. The bankruptcy court lifted Brown's first stay on or about June 10, 2010, and dismissed his bankruptcy petition on August 19. Four days later, Brown filed a second bankruptcy petition, which invoked another stay. Kimbrell filed a motion for relief from that stay. The bankruptcy court granted it and lifted the stay on October 19. *See Kimbrell v. Brown*, No. 10-cv-1018-WDS, 2011 U.S. Dist. LEXIS 51830, at *3 (S.D. Ill. May 16, 2011).

and assigned to Judge Stiehl. *See Kimbrell v. Brown*, No. 10-cv-1018-WDS (S.D. Ill. filed Dec. 15, 2010). Kimbrell made no mention of the second suit to this court, nor did he promptly apprise Judge Gilbert, to whom the first case was assigned and before whom Kimbrell's initial claim against Brown remained, although in stayed status. It was not until January 2011 that Kimbrell informed Judge Gilbert that Brown's bankruptcy stay had been lifted and that he had filed the second suit against Brown because he believed the first suit was void *ab initio*. *Kimbrell v. Brown*, No. 09-cv-511-JPG, 2011 U.S. Dist. LEXIS 2000, at *1 (S.D. Ill. Jan. 10, 2011). Judge Gilbert held that he lacked "jurisdiction to act . . . until the Seventh Circuit Court of Appeals decides the ongoing appeal." *Id.* at *2. Kimbrell continued to press his claims in the second suit, and last month, Judge Stiehl issued a stay pending Judge Gilbert's resolution of the case in his court. *Kimbrell v. Brown*, No. 10-cv-1018-WDS, 2011 U.S. Dist. LEXIS 51830, at *7 (S.D. Ill. May 16, 2011).

This maneuvering brings to mind the equitable principle of judicial estoppel, which precludes litigants from "deliberately changing positions according to the exigencies of the moment," *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (quotation marks omitted), thereby "prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase," *In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 662 (7th Cir. 2010) (quotation marks omitted). Strictly speaking, Kimbrell's case does not meet the requirements for invoking judicial estoppel. *See Pakovich v. Broadspire Servs.*, 535 F.3d 601, 606 (7th Cir. 2008)

("[O]ne of the requirements for judicial estoppel to apply is that the party to be estopped must have *prevailed* upon the first court to adopt the position." (emphasis added) (quotation marks omitted)). Even so, this kind of gamesmanship—arguing to this court that the dismissal of his claims against Koetter Woodworking should be treated as a final judgment while continuing to pursue his claims against Brown in the district court—confirms why we cannot adjudicate this appeal on the merits. When a case is pending in both the district court and this court at the same time, posing jurisdictional issues, we expect counsel on appeal and in the district court to communicate with each other and with the respective courts about material developments. It simply is not acceptable for appellate counsel to remain ignorant—or to claim ignorance—of his client's activities in the district court and state courts.

In *Arrow Gear Co. v. Downers Grove Sanitary District*, 629 F.3d 633, 636-37 (7th Cir. 2010), we confronted an appeal in an analogous procedural posture and explained why it was problematic. The plaintiff, Arrow Gear, sued multiple defendants. As to all but two of the defendants, the district court dismissed Arrow's claims as barred by res judicata. *Id.* at 636. With respect to those two remaining defendants, Arrow took a voluntary dismissal without prejudice and then attempted to appeal the district court's dismissal as to the other defendants. *Id.* Arrow's voluntary dismissal of the two defendants left open the possibility for Arrow to later refile its claims against them. We observed that "if after the decision of this appeal the plaintiff filed new claims against the dropped defendants, . . . it would be as if

interlocutory appeals were freely permissible." *Id*. That is, "Arrow's maneuver, if allowed, would prevent the entirety of the contested issues, involving all the parties, from being resolved in a single appeal; it would exemplify piecemeal appealing, which is disfavored in the federal court system." *Id.* We said Arrow had to make a choice: either "stand [its] ground and [this court would] dismiss the appeal," or else "convert [its] dismissal of the other two defendants to dismissal with prejudice, which will bar . . . refiling [of] claims against them." *Id.* at 637. During oral argument, Arrow agreed to the latter option, "committing not to refile the suit against" the two defendants it had voluntarily dismissed. *Id.* Here, in contrast, Kimbrell is obviously unwilling to make a similar commitment.

The bottom line is that Kimbrell's case remains "open," "unfinished," and "inconclusive" in the district court, so there was no final judgment. *Wingerter*, 185 F.3d at 661. He has tried to "start over" with his claims against Brown and could later return to us with another appeal after the resolution of those claims. *See Arrow Gear*, 629 F.3d at 636-37. The final-judgment rule requires "combin[ing] in one review all stages of [a] proceeding." *Wingerter*, 185 F.3d at 662.

We note that in *Robison v. Canterbury Village, Inc.*, 848 F.2d 424 (3d Cir. 1988), a similar case involving two defendants, one of whom filed for bankruptcy, the district court issued a certification under Rule 54(b) of the Federal Rules of Civil Procedure that its dismissal of the claims against the noninsolvent defendant constituted a final judgment despite the pending stay against

the insolvent defendant.[3] This enabled the plaintiff to appeal the dismissal as to the noninsolvent defendant. *Id.* at 426-27; *see also Arrow Gear*, 629 F.3d at 636 ("Arrow could have asked the judge to enter a final judgment under Rule 54(b) . . . , which permits a district judge, upon finding no 'just reason' to delay an appeal, to enter a final judgment—which is then appealable under section 1291—with respect to one or more, but fewer than all, claims or parties. But the judge was not asked to enter a Rule 54(b) judgment and did not."). Kimbrell made no attempt to obtain a Rule 54(b) certification from Judge Gilbert in this case.

---

[3] Rule 54(b) provides:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

For the foregoing reasons, we DISMISS Kimbrell's appeal for lack of jurisdiction.