# Illinois Official Reports

## Appellate Court

---

### *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023

---

| | |
|---|---|
| Appellate Court Caption | CITIMORTGAGE, INC., Assignee of Mortgage, Electronic Registration Systems, Inc., as Nominee for Security National Mortgage Company, Plaintiff-Appellee, v. RONA SCONYERS, MARCUS C. WELLS, Nonrecord Claimants, Unknown Tenants and Unknown Owners, Defendants-Appellants. |
| District & No. | First District, Third Division<br>Docket No. 1-13-0023 |
| Filed | July 16, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff sustained its burden of showing that it was the holder of the note and mortgage it sought to foreclose, despite defendants' reliance on what they claimed was an "alteration" of the name of the payee on the blurred stamp on the note, since plaintiff was the actual holder of the note, the undisputed assignee of the mortgage, it presented the original note in open court, and its possession of the original note with the assignment of the mortgage was *prima facie* proof that it was entitled to foreclose the note and mortgage. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-20053; the Hon. Michael Otto, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Property Rights Law Group, of Chicago (Robert L. Stone, of counsel),
for appellants.

Dykema Gossett PLLC, of Chicago (Rosa M. Tumialan, of counsel),
for appellee.

Panel
JUSTICE MASON delivered the judgment of the court with opinion.
Presiding Justice Hyman concurred in the judgment and opinion.
Justice Neville dissented, with opinion.

**OPINION**

¶ 1 CitiMortgage, Inc., filed a complaint against Rona Sconyers and Marcus Wells, seeking to foreclose a mortgage after they failed to make payments due on a note given in exchange for a loan from Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Security National Mortgage Company. Defendants argued that CitiMortgage did not produce a "valid" assignment of the note. The trial court granted summary judgment in favor of CitiMortgage. We find that CitiMortgage sustained its burden to show that it was the holder of the original note and mortgage and that defendants failed to adduce any competent evidence that the endorsement on the note had been altered. Accordingly, we affirm the circuit court's judgment.

¶ 2                                    BACKGROUND

¶ 3 On July 17, 2008, Security National Mortgage Company loaned defendants $393,820, with the loan secured by a mortgage on a home in Country Club Hills, Illinois. By December 2009, the loan was in default. On May 10, 2010, CitiMortgage filed its complaint to foreclose the mortgage. CitiMortgage alleged it had the right to sue as "legal holder of the indebtedness." CitiMortgage attached to the complaint a copy of the note Sconyers signed. The note bears a stamp that reads:

"Pay to the order of
'CitiMortgage, Inc.'
without recourse
Security National Mortgage Company
A Utah Corporation

_____
Ken Parr, Vice President"

¶ 4 A signature purporting to be that of Ken Parr is on the signature line. On the copy of the note included in the record, the stamp reflecting "CitiMortgage, Inc." as the payee is

- 2 -

somewhat blurred. Also attached to the complaint is an assignment of the mortgage from MERS to CitiMortgage dated April 30, 2010, which recites that the mortgage is assigned "together with the Note or obligation described in said Mortgage."

¶ 5 In their answer to the complaint, defendants challenged the assignment of the note to CitiMortgage, noting what they claimed was an "alteration" of the name of the payee based on the blurred stamp.

¶ 6 CitiMortgage moved for summary judgment, relying on an affidavit of its document control officer, who identified CitiMortgage as "holder of the note." CitiMortgage also produced the original of the note in court for examination by defense counsel, thus establishing that the note was physically in its possession. Defendants did not seek to depose anyone from CitiMortgage, MERS or Security National regarding the circumstances of the assignment of the note, but rested on their allegation that the blurry "CitiMortgage, Inc." stamp constituted an "alteration."

¶ 7 At the hearing on the motion for summary judgment, the trial court ruled that the undisputed fact that CitiMortgage took an assignment of the mortgage from MERS gave it standing to maintain the foreclosure action so that it was unnecessary to address defendants' claim regarding the altered endorsement. The trial court also commented that had the case hinged on the validity of the endorsement, it would have conducted an evidentiary hearing. The court concluded that summary judgment in favor of CitiMortgage was appropriate. Defendants timely appealed.

¶ 8                                                    ANALYSIS

¶ 9 We review *de novo* the order granting CitiMortgage's motion for summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). If the party moving for summary judgment supplies facts which, if not contradicted, would entitle such party to a judgment as a matter of law, the opposing party cannot rely on his pleadings alone to raise issues of material fact. *Harrison v. Hardin County Community Unit School District No. 1*, 197 Ill. 2d 466, 470 (2001). Thus, facts contained in an affidavit in support of a motion for summary judgment that are not contradicted by a counteraffidavit must be taken as true for purposes of the motion. *Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986).

¶ 10 Defendants argue that without a valid assignment of the note, CitiMortgage lacked standing to bring the claim. Citing *Carpenter v. Longan*, 83 U.S. 271 (1872), defendants argue that if CitiMortgage did not obtain a valid assignment of the note, its status as holder of the mortgage is insufficient to confer standing. In *Carpenter*, the Supreme Court stated: "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." 83 U.S. at 274.

¶ 11 But defendants' reliance on *Carpenter* overlooks the fact that CitiMortgage is the actual holder of the note and the undisputed assignee of the mortgage. CitiMortgage produced the original of the note in open court; it is, therefore, the holder of the note. Any issue regarding the *manner* in which CitiMortgage acquired the note does not affect its undisputed status as the holder. CitiMortgage's possession of the original note together with the assignment of the mortgage, which was assigned "together with the Note," is *prima facie* proof that it is entitled to foreclose the note and mortgage. 735 ILCS 5/15-1208 (West 2010) (defining "mortgagee"

- 3 -

as "(i) the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage *** and (ii) any person claiming through a mortgagee as successor").

¶ 12    Thus, because it was defendants who raised an issue regarding the manner in which CitiMortgage acquired the note as a basis for challenging CitiMortgage's ability to enforce it, it was defendants' burden to present to the court, in response to CitiMortgage's motion for summary judgment, evidence that would raise a genuine issue of material fact that some other person or entity was the holder of the note. Defendants relied solely on what they characterized as the "smudged" endorsement on the note. But this raises no issue of fact, much less a genuine issue of material fact, regarding CitiMortgage's possession of both the note and mortgage. If defendants meant to contend that a party other than CitiMortgage was the "rightful" holder of the note, it was their obligation to present evidence that would support their contention.

¶ 13    Nothing in the record before the trial court called into question the fact that CitiMortgage was the actual holder of the note. Thus, this case is not governed by the rule that "[w]here an alteration in a deed is *** established by inspection, the burden of proof shifts to the person claiming the benefit of the instrument, as altered, to show the alteration was made under circumstances rendering it lawful." *Ruwaldt v. W.C. McBride, Inc.*, 388 Ill. 285, 292-93 (1944). Given this conclusion, once CitiMortgage established that it was the holder of the note, it was incumbent upon defendants to present evidence to support their defense that the endorsement of the note was altered and that some person or entity other than CitiMortgage had the right to enforce it. Because the record lacks such evidence, the trial court properly granted summary judgment in favor of CitiMortgage.

¶ 14                                         CONCLUSION

¶ 15    For the foregoing reasons, the order of the circuit court granting summary judgment to CitiMortgage is affirmed.

¶ 16    Affirmed.

¶ 17    JUSTICE NEVILLE, dissenting.

¶ 18    I respectfully dissent because the majority's decision conflicts with Illinois Supreme Court case law concerning the burden of proof when a written instrument shows on its face evidence of an alteration.

¶ 19    CitiMortgage, the circuit court, and now the majority in this opinion have all tried to justify the circuit court's decision not to hear evidence concerning the smudge on the payee line on the endorsement stamped on the note, although the smudge indicated to the circuit court the possibility that someone had erased the name of the original payee and substituted CitiMortgage's name. The two courts and CitiMortgage have all advanced different grounds for the decision. They do not persuasively distinguish *Ruwaldt v. W.C. McBride, Inc.*, 388 Ill. 285, 292-93 (1944), or show why this court should not straightforwardly apply that Illinois Supreme Court authority.

¶ 20    The circuit court held that it did not need to hear evidence concerning the assignment of the note because CitiMortgage proved an assignment of the mortgage. The circuit court's reasoning conflicts with the statement of applicable law in *Carpenter v. Longan*, 83 U.S. 271

(1872), quoted in the majority opinion. "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter*, 83 U.S. at 274. If CitiMortgage proved only an assignment of the mortgage, that assignment is a nullity, conveying no rights to CitiMortgage. Neither CitiMortgage nor the majority here tries to defend the circuit court's rationale for its decision.

¶ 21    According to the *Ruwaldt* court, "Where an alteration in a deed is *** established by inspection, the burden of proof shifts to the person claiming the benefit of the instrument, as altered, to show the alteration was made under circumstances rendering it lawful." *Ruwaldt*, 388 Ill. at 292-93. CitiMortgage claims that it met its burden of proving authorization for the alteration by presenting the affidavit of its document control officer, who identified CitiMortgage as "holder of the note." But Supreme Court Rule 191 requires affidavits in support of a motion for summary judgment to consist of facts admissible in evidence, not conclusions. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). CitiMortgage's officer states only the bare legal conclusion that CitiMortgage qualifies as a holder of the note, without any supporting facts to show that the officer had personal knowledge and could competently testify about how CitiMortgage acquired the note. Because the affidavit states only a conclusion, it cannot support the decision to grant summary judgment in favor of CitiMortgage. See *Wanous v. Balaco*, 412 Ill. 545, 547 (1952); *Murphy v. Urso*, 88 Ill. 2d 444, 462-63 (1981). The majority here does not try to defend CitiMortgage's argument in favor of affirming the circuit court.

¶ 22    Instead, the majority comes up with its own argument, without any citation to authority for its central holdings. According to the majority, CitiMortgage met its burden of proof, under *Carpenter* and *Ruwaldt*, merely by producing a document that the circuit court found to be the original of the note. The circuit court based its finding not on any testimony, but solely on the way the document looked to the court. I have found no authority, and the majority, the parties, and the circuit court cite no authority, that permits a court to determine that a document is an original based solely on the appearance of the document, without any supporting testimony or other evidence. Moreover, I have found no authority, and the majority, the parties, and the circuit court cite no authority, for the proposition that the ability to present an original document to the trial court proves that the presenter counts as the legal holder of the document.

¶ 23    Although the majority accepts the circuit court's reliance on the mere appearance of the document as proof that the document was an original, it rejects the appearance of the document, with a smudge on the line for the payee, as sufficient to raise a genuine issue of material fact as to whether the alteration of the document occurred in circumstances that rendered the alteration lawful. On this issue, the *Ruwaldt* court gives us clear guidance, telling us that inspection may establish an alteration of the deed, and when inspection indicates alteration, the party claiming the benefit of the altered deed must meet its burden of proving that the alteration occurred under circumstances that make the alteration lawful. *Ruwaldt*, 388 Ill. at 292-93. According to the *Ruwaldt* court, "It is immaterial whether this effect is brought about by interlineation, substitution, change of words or erasures, or by deleting some material provision of the instrument. Such an alteration renders the instrument void." *Ruwaldt*, 388 Ill. at 293.

¶ 24    The rule in *Ruwaldt* directly applies here. The circuit court saw, and this court can see, evidence of alteration on the face of the document included in the record, identified as a copy of the note. The circuit court noted the evidence of alteration, as it said, "[I]f this case were to hinge on the validity of the endorsement, I would take it to an evidentiary hearing to determine it. I don't think it would be appropriate for me to make a finding at this point without the hearing." CitiMortgage has not met its burden of coming forward with evidence to show that the alteration of the note occurred in circumstances that rendered it lawful. See *Ruwaldt*, 388 Ill. at 292-93. Because CitiMortgage has not shown that it obtained a valid assignment of the note, under *Carpenter*, this court should reverse the order granting CitiMortgage's motion for summary judgment. Accordingly, I dissent.