**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019[*]
Decided March 13, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3212

| | |
|---|---|
| AMOS FINANCIAL, LLC, | Appeal from the United States District |
| *Plaintiff-Appellee.* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 cv 06688 |
| JOSEPH SNEED, | Charles P. Kocoras, |
| *Defendant-Appellant,* | *Judge.* |

**O R D E R**

Joseph Sneed defaulted on his mortgage, so Sequoia Financial, the holder of the promissory note and assignee of the mortgage, initiated foreclosure proceedings. After Sequoia transferred its interest in Sneed's loan to Amos Financial, the court entered a judgment of foreclosure in favor of Amos and later authorized the sale of the property

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

and Sneed's eviction. Sneed appealed, but because the district court has yet to rule on Sneed's counterclaims, we lack jurisdiction and must dismiss the appeal.

In 2006, Sneed executed and delivered a promissory note for $331,000 to New Century Mortgage, securing the loan with a mortgage on his home. As is common in the industry, the note and mortgage changed hands many times after its execution, eventually landing with Sequoia Financial. In arrears, Sneed entered into a Forbearance Agreement with Sequoia but later breached it.

Based on Sneed's default, Sequoia initiated foreclosure proceedings in federal court, alleging diversity of citizenship based on its California citizenship (and Sneed's in Illinois) and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. Sneed answered and raised as an affirmative defense Sequoia's lack of standing to initiate the foreclosure proceeding based on its failure to provide necessary documents that established that it was the legal holder of the note and mortgage at the time that it filed the foreclosure action. He also counterclaimed for the common law tort of conversion and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601–1667f.

Sequoia moved for summary judgment, arguing that it held the senior interest in the property and that, as holder of the note and assignee of the mortgage, it was entitled to foreclose. Sequoia further contended that Sneed's counterclaims were either waived, time-barred, or inapplicable to the foreclosure action. In response, Sneed maintained his contention that Sequoia lacked standing to foreclose because it had not shown that the note had been properly transferred into its possession. Sneed did not respond to the arguments about his counterclaims.

The district court agreed in part with Sequoia, concluding that Sneed indeed had defaulted on his mortgage. The court, however, determined that Sequoia had failed to establish its priority over two other liens on the property and was not yet entitled to foreclose. The court concluded that there were material disputes of fact regarding "when Sequoia obtained the debt" and "Sequoia's present interest in the property." The court did not mention Sneed's claims against Sequoia.

After transferring its interest in the note and mortgage to Amos Financial, Sequoia moved to substitute Amos "as the Plaintiff in this action" under Federal Rule of Civil Procedure 25(c). The court granted the motion. At the time, Sequoia had a third motion for summary judgment pending, which Amos pursued. In support of the

motion, Amos submitted a number of documents to establish the chain of possession of the note and assignments of the mortgage, including the allonge by which it had acquired Sequoia's interest. It did not seek judgment on the pending counterclaims.

The district court agreed that Amos was the party entitled to foreclose on the mortgage because Amos's submission of the endorsed note and mortgage assignment documents established a prima facie case of standing that Sneed had failed to rebut. *See CitiMortgage, Inc. v. Sconyers*, 16 N.E.3d 124, 127 (Ill. App. Ct. 2014). Thus, the court entered a judgment of foreclosure and sale. After the property was sold (to Amos), the court approved the report of sale and distribution and entered a deficiency judgment and an eviction order. Sneed appealed.

We first must examine whether we have jurisdiction over this appeal. We have appellate jurisdiction over the final judgments of the district courts. 28 U.S.C. § 1292. A final judgment is one that resolves all claims against all parties. *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 856 (7th Cir. 2017). The district court entered judgment for Amos to foreclose on the property. But amid multiple summary-judgment motions and the substitution of Amos as plaintiff, Sneed's compulsory counterclaims against Sequoia—arising under common law tort, the Illinois consumer protection statute, and the TILA—remain unresolved in the district court. Those pending claims render the district court's judgment nonfinal for purposes of our review. *See India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 657 (7th Cir. 2010) ("If the parties' dispute has not been fully resolved by the district court, the 'remaining elements are apt to come back on a second appeal,' and the decision cannot be considered final.") (citation omitted).

Courts "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). The district court did not purport to enter a Rule 54(b) partial judgment or expressly determine that there was no reason to delay entering judgment on Amos's foreclosure claim without resolving Sneed's counterclaim. In its most recent motion for summary judgment, Sequoia did not ask for such a judgment or seek dismissal of the counterclaims (for example, for failure to prosecute); Amos has not done so at any time. Therefore, Sneed's counterclaims are still pending. *See Reed v. Palmer*, 906 F.3d 540, 545–46, 546 n.5 (7th Cir. 2018); *Alonzi v. Budget Const. Co.*, 55 F.3d 331, 333 (7th Cir. 1995) ("When one or more of the claims in a litigation remain pending in the district court, any 'judgment' is nonfinal unless the district court enters a Rule 54(b) judgment.").

The motion to substitute applied only to Amos "as the Plaintiff," not counter-defendant. *See* FED. R. CIV. P. 25. And Sequoia answered the counterclaim, *see* FED. R. CIV. P. 7(a)(3); Amos did not. But Sequoia did not participate in this appeal, and there is no indication that it believes that it is still a party in this case. The parties should sort this out in the district court.

Finally, Sneed argues that because the district court failed to rule on his counterclaims, the court necessarily erred by granting foreclosure and affirming the sale of the property. Sneed is indirectly asking us to comment on the merits of the foreclosure judgment, which we cannot do. The final-judgment rule serves to combine the entire stage of litigation into one review. *Kimbrell v. Brown*, 651 F.3d 752, 758 (7th Cir. 2011). Therefore, any review of the foreclosure must wait until the counterclaims are resolved or the district court enters an order pursuant to Rule 54(b).

We therefore DISMISS this appeal for lack of jurisdiction.