In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1906

STEPHEN R. WEST,

*Plaintiff-Appellant,*

*v.*

LOUISVILLE GAS AND ELECTRIC
COMPANY,

*Defendant,*

and

CHARTER COMMUNICATIONS,
INC., *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, New Albany Division.
No. 4:16-cv-00145-RLY-DML — **Richard L. Young**, *Judge.*

ARGUED NOVEMBER 28, 2018 — DECIDED APRIL 4, 2019

Before ROVNER, HAMILTON, and BRENNAN, *Circuit Judges*.

ROVNER, *Circuit Judge.* In this diversity action, plaintiff Stephen West contends that the addition of a fiber optic communications wire to a utilities transmission tower on his property exceeds the scope of the utilities easement that authorized the tower. West sued both Charter Communications, Inc. ("Charter"), whose subsidiary installed the wire, and Louisville Gas and Electric Company ("Louisville"), which owns the tower and is a party to the easement. The district court dismissed the claims against Charter, concluding that the addition of Charter's communications wire to the tower is compatible with the scope and purpose of the easement and consequently does not violate the terms of the easement agreement nor does it amount to an unconstitutional taking of West's property. *West v. Louisville Gas & Elec. Co.*, 2018 WL 321686 (S.D. Ind. Jan. 8, 2018). Wishing to appeal that ruling, West entered into an agreement with Louisville providing that he would voluntarily dismiss his claims against Louisville, while reserving the right to revive them in the event we reversed the district court's dismissal of the claims against Charter. West then filed a notice of appeal pursuant to 28 U.S.C. § 1291. Because the conditional dismissal of West's claims against Louisville renders the judgment non-final, we dismiss the appeal for want of jurisdiction.

**I.**

West inherited a small plot of land from his parents in Jeffersonville, Indiana that abuts the Ohio River, which demarcates the border between Indiana and Kentucky.[1] A massive utility transmission tower some 248 feet tall sits on the property, carrying LG&E power lines that run between the two states. The tower and the power lines are authorized by a 1938 utility easement entered into by the predecessors of West (and his parents) and LG&E, as amended by a supplemental agreement in 1976. Broadly speaking, the easement grants to LG&E the perpetual right to install and maintain towers and wires "for the transmission, distribution and delivery of electrical energy to the Grantee [LG&E] and other persons and concerns and to the public in general for light, heat, power, telephone and/or other purposes in, upon, along and over the real estate of the Grantor [West] … ." R. 33-1 at 2. West's parents rejected a further amendment to the deed of easement proposed by LG&E in 1990 which would have authorized LG&E to "upgrade and remove communications and telephone systems… ." R. 33-4 at 2.

In 2000, LG&E entered into a contract with Insight Kentucky Partners II, LP ("Insight"), a subsidiary of Time Warner Cable, Inc. ("Time Warner"), granting Insight permission to run fiber optic cables across LG&E's existing infrastructure. Insight proceeded to run a fiber optic cable carrying television and internet content and services across West's property via

---

[1] Jeffersonville is situated directly across the Ohio River from Louisville, Kentucky.

the LG&E tower; Insight's cable replaced an existing static wire on that tower. Time Warner, Insight's parent corporation, was later acquired by Charter. We shall refer to Charter and its predecessors collectively as the Charter defendants.

In 2016, West filed suit against LG&E in state court, seeking a declaratory judgment that the easement did not authorize Insight's fiber optic cable. West also asserted claims for breach of contract, trespass, and unjust enrichment. LG&E removed the case to federal court. After the district court denied LG&E's motion to dismiss West's claims, reasoning that there were factual questions as to the scope of LG&E's rights under the easement, *West v. Louisville Gas & Elec. Co.*, 2016 WL 6395918, at *3 (S.D. Ind. Oct. 28, 2016), West amended his complaint to name Insight, Time Warner, and Charter as additional defendants and also to add new claims to the suit. The amended complaint asserted claims against both LG&E and the Charter defendants for declaratory judgment, trespass, unjust enrichment, as well as claims for (tortious) conversion and criminal trespass. LG&E alone was also named in a new claim for nuisance. LG&E filed a second, partial motion to dismiss aimed at the conversion and criminal trespass claims, but the district court denied that motion, concluding in view of the facts alleged that the complaint stated plausible claims for relief in these respects. *West v. Louisville Gas & Elec. Co.*, 2018 WL 321685, at *2–*4 (S.D. Ind. Jan. 8, 2018). LG&E subsequently filed a cross-claim for indemnification against the Charter defendants.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Charter defendants moved to dismiss all of West's claims against them, arguing principally that because the easement

over West's property had already been dedicated for a utility use that is compatible with cable television transmission, the addition of Insight's fiber optic wire was statutorily authorized by section 621(a)(2) of the Cable Communications Policy Act of 1984, 47 U.S.C. § 541(a)(2) (the "Cable Act").

The district court agreed with the Charter defendants and granted their motion to dismiss. 2018 WL 321686. The court determined that the easement across West's property had been dedicated for utility use, *id.* at *5, and that the running of fiber optic cables across that easement for the purpose of providing paid television, internet, and communications services amounted to a permissible compatible use under the Cable Act, *id.* The court went on to conclude that the Cable Act did not impermissibly burden West's property rights retroactively, nor did it constitute a constitutionally prohibited taking of his property. *Id.* at *5–*6. Because it found that Insight's use of the easement over West's property to be authorized, the court dismissed all claims against the Charter defendants. *Id.* at *6 That decision left LG&E as the sole remaining defendant on West's claims.

West and LG&E subsequently filed a joint stipulation asking the court to dismiss the claims against LG&E and close the case, R. 88, but the district court denied that request, R. 91. Although the stipulation posited that West's claims against LG&E were "moot" in view of the district court's decision dismissing the claims against the Charter defendants, R. 88 at 2 ¶3, the district court rejected that assertion. The court reasoned that there was still a live controversy as to whether the easement itself permitted LG&E to install and maintain Insight's fiber optic cable on LG&E's infrastructure. R. 91 at

2–3. The court also noted that the stipulation was unclear as to whether the proposed dismissal of the claims against LG&E was to be with or without prejudice; but the court construed the stipulated dismissal to be *without* prejudice, which would permit West to revive these claims in the event the dismissal of the claims against the Charter defendants was reversed on appeal. R. 91 at 3. That, in turn, led the court to conclude that, notwithstanding the proposed dismissal of the claims against LG&E, a final judgment was not yet at hand. R. 91 at 3. The court indicated that the parties had three options open to them: (1) continue litigating the merits of West's claims against LG&E to a final judgment; (2) stipulate to the dismissal of these claims *with* prejudice; or (3) seek a certification of a final judgment as to fewer than all parties pursuant to Federal Rule of Civil Procedure 54(b). R. 91 at 3–4.

Rather than pursuing any of these options, West and LG&E pursued a fourth option in the hope of creating a final judgment that would open the door to this appeal. The two parties entered into a tolling and standstill agreement which provided for the voluntary dismissal of West's claims against LG& E for the duration of, and conditioned upon the outcome of, his appeal of the dismissal of the claims against the Charter defendants. App. R. 7-3 Ex. B. West and LG&E agreed that the statute of limitations as to any claims between them would be tolled for the duration of the agreement and that, in the event West prevailed in his appeal, LG&E would not object to the re-filing of his claims against LG&E nor assert any timeliness defenses to the claims. If, on the other hand, West did not prevail in the appeal, West agreed he would not re-file his pending claims against LG&E nor any other claims arising out

of the same facts. By its terms, the agreement was to remain in effect until such time as the appeal was decided or West terminated the agreement on 14 days' notice, at which point an action filed by either party would be deemed filed as of the date West's suit was originally filed in 2016. App. R. 7-3. Pursuant to this agreement, West voluntarily dismissed all of his claims against LG&E by stipulation (signed by attorneys for West and LG&E) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). R. 98.[2] LG&E in turn voluntarily dismissed its cross-claim against the Charter defendants without prejudice pursuant to Rule 41(a)(1)((a)(i). R. 95.

West then appealed to this court pursuant to section 1291. After a preliminary round of memoranda as to whether there was a final judgment establishing our appellate jurisdiction, we allowed the case to proceed to briefing and argument, while reserving judgment on the jurisdictional question.

## II.

As in every case, the first question we must resolve is our jurisdiction to entertain this appeal. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95, 118 S. Ct. 1003, 1012 (1998); *In re Morse Elec. Co.*, 805 F.2d 262, 264 (7th Cir. 1986) (citing *In re Boomgarden*, 780 F.2d 657, 659 (7th Cir. 1985)).

---

[2] None of the Charter defendants (who had been dismissed from the suit) signed the stipulated dismissal of West's claims, which presents an interesting question of whether the stipulation was signed by "all defendants" as Rule 41(a)(1)(A) requires. The Charter defendants contest the validity of the dismissal on this basis, but in view of our conclusion below that West's provisional dismissal of his claims against LG&E renders the judgment non-final, we need not reach this issue.

Section 1291, which West invoked in filing this appeal, requires that a final judgment have been issued by the district court. *See* 28 U.S.C. § 1291 ("[t]he courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States …"). A final judgment is one that ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S. Ct. 2454, 2457 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945)); *Minn. Life Ins. Co. v. Kagan*, 724 F.3d 843, 847 (7th Cir. 2013); *Kimbrell v. Brown*, 651 F.3d 752, 755 (7th Cir. 2011); *Union Oil Co. of Cal. v. John Brown E&C*, 121 F.3d 305, 309 (7th Cir. 1997).

The requirement of a final judgment is more than a mere formality. Section 1291 reflects a strong preference for resolving all disputed issues as to all parties in one appeal, to the extent possible. *See Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 636 (7th Cir. 2010). Underlying that preference lies a legislative judgment that permitting multiple, piecemeal appeals from a single action in the district court will have a "debilitating effect" on the efficient administration of justice. *Coopers & Lybrand*, 437 U.S. at 471, 98 S. Ct. at 2459 (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S. Ct. 2140, 2149 (1974)); *see also Cobbledick v. United States*, 309 U.S. 323, 325, 60 S. Ct. 540, 541 (1940).

The district court's decision disposing of West's claims against the Charter defendants—which is what West is appealing—was manifestly not a final decision. LG&E remained as a defendant, and the district court had already denied LG&E's two motions to dismiss the claims against it,

reasoning that resolution of those claims would have to await the development of the facts. 2016 WL 6395918, at *3; 2018 WL 321685, at *3–*4. Certainly there was a substantial degree of overlap in theory and in fact with the claims against the Charter defendants. But at no time following the court's dismissal of West's claims against the Charter defendants did LG&E and/or West ask the court to enter a final, binding judgment resolving the claims against LG&E based on the rationale of the decision dismissing the Charter defendants. Instead, the parties presented the court with a stipulation of dismissal (without prejudice) which posited, with no substantive analysis, that West's claims against LG&E had been rendered "moot" by the dismissal of the claims against the Charter defendants. The district court's decision rejecting the stipulation of dismissal explained why, in its view, the decision as to the Charter defendants did not (wholly) resolve the viability of the claims against LG&E, and West has given us no reason to doubt that the district court's assessment was correct. There is no dispute, for example, that there is a nuisance claim naming LG&E alone that does not turn on the scope of the easement between West and LG&E.[3]

Instead, intent on appealing the Charter dismissal without a final judgment as to LG&E, West and LG&E engineered a provisional dismissal of the claims against LG&E so as to bring the proceedings in the district court to a close, but without the

---

[3] The nuisance claim, in fact, is based on the installation in 2013 of flashing red (aviation warning) lights on the LG&E tower located on West's property, which has nothing whatever to do with Insight's fiber optic cable. *See* R. 33 at 15.

binding effects of a truly final judgment. By the terms of the tolling and standstill agreement between these two parties, the dismissal of the claims against LG&E is conditional: In the event this court were to affirm the dismissal of the claims against the Charter defendants, West has agreed not to pursue the claims against LG&E. If, on the other hand, this court were to reverse the dismissal of the Charter defendants, West has reserved the right to reinstate the claims against LG&E; and, in the event of such reinstatement, both parties have agreed to waive any time-based defenses to claims they might have against one another. In short, in the event West were to prevail in this appeal, West and LG&E may pick up where they left off in the district court. The dismissal appears to be conditional in a second respect as well. West has reserved the right to terminate the tolling and standstill agreement on 14 days' notice to LG&E, at which point he would likewise be free to reinstate the claims against LG&E and pursue them as if they had never been dismissed. Apart from the notice requirement, the agreement does not impose any condition upon West's right to exercise this right. So, for example, had West concluded after oral arguments in this case that we were likely to affirm the dismissal of the claims against the Charter defendants, West would have been free to terminate the agreement and resurrect the claims against LG&E without waiting for us to rule on his appeal.

This conditional dismissal of the claims against LG&E represents the very sort of attempt to manufacture appellate jurisdiction of which our precedents have consistently disapproved. As we stated in *Union Oil*, "[L]itigants and courts cannot avoid the finality requirement of § 1291 by agreement.

To hold otherwise would allow litigants to circumvent the rules that Congress has instructed as to the timing of appellate proceedings." 121 F.3d at 310 (citation omitted). We have thus repeatedly cited the absence of a final judgment when, after a dispositive ruling as to some but not all claims or parties, the parties have entered to a conditional dismissal of the remaining claims on terms that permit those claims to be revived at a later date. *See Arrow Gear*, 629 F.3d at 636–37 (following *res judicata* dismissal of plaintiff's claims for contribution against some but not all defendants, plaintiff voluntarily dismissed its claims against two remaining defendants without prejudice); *Union Oil*, 121 F.3d at 309–11 (following dismissal and judgment on the pleadings as to some claims and partial summary judgment limiting plaintiff's damages as to remaining breach of contract claim, parties stipulated to termination of proceedings in district court and agreed to release one another from liability in event appeals court affirmed district court's rulings as to contract claim, but reserved right to pursue their respective rights under the contract and resume litigation in the district court in the event of reversal on appeal); *see also Kagan*, 724 F.3d at 846–47 *(*following judgment in favor of (deceased) insured's wife and against his children in life insurer's interpleader suit, wife filed Fed. R. Civ. P. 59(e) motion to amend judgment disputing amount of interest insurer had paid on policy proceeds, indicating that an active dispute between wife and insurer remained in district court); *Kimbrell*, 651 F.3d at 757–58 (personal injury claims against truck driver's employer dismissed for want of diligence in serving process; but claim against truck driver himself, which initially had been stayed due to driver's pending bankruptcy, remained unresolved, as

evidenced by plaintiff's re-filing of claim in new suit after stay lifted); *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 856 (7th Cir. 2017) ("Claims dismissed without prejudice have not been disposed of, and any resulting judgment is not final unless there is a clear legal bar to the claims' revival."); *First Health Grp. Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 801 (7th Cir. 2001) (collecting cases holding "that the dismissal of one claim or theory without prejudice, with a right to reactivate that claim after an appeal on the remaining theories, makes the judgment non-final").

As these cases make clear, the conditional nature of the dismissal of the claims against LG&E negates the requisite finality of the judgment. Although West has nominally dismissed his claims against LG&E, he retains the right, depending on the outcome of this appeal, to reinstate those claims and proceed as if the claims had never been dismissed and no time had passed. In the words of *Arrow Gear*, "[t]his is a 'start-over' case." 629 F.3d at 637.

> Arrow could re-file the identical claim in the same court against the two parties that it has dropped, and, if it did, an appeal from the final judgment in the new case would bring up to us many of the same issues as an appeal from a final judgment in this case would have done had the two parties not been dropped.

*Id.* What was true of the appellant in *Arrow Gear* is just as true of West here. West and LG&E have attempted to construct a nominally final judgment and open the door to an immediate appeal by bringing the proceedings in the district court as to

the remaining defendant, LG&E, to a close, but on terms that leave West's options open as to LG&E depending on how he fares against the Charter defendants in this appeal. The resulting judgment is not, in practical effect, a final one, and that deprives us of appellate jurisdiction.

West's desire to resolve the viability of its claims against the Charter defendants on appeal now is understandable, and perhaps even "noble" to the extent it is consistent with an expeditious resolution of the case. *Union Oil*, 121 F.3d at 309. Putting aside the nuisance claim, the degree of substantive overlap between the claims against the Charter defendants and the claims against LG&E appears to be substantial. West and LG&E certainly agree that our interpretation of the Cable Act and its application to LG&E's easement across West's property will effectively dictate the resolution of his claims against LG&E (save perhaps for the nuisance claim) as well as his claims against the Charter defendants.

But, short of litigating the claims against LG&E to final judgment, there were options open to West to pursue an immediate appeal as to the Charter defendants. As Judge Young pointed out, West could have asked the court to enter a final judgment as to the claims against the Charter defendants pursuant to Rule 54(b), although that likely would have been a stretch given the overlap with the claims against LG&E. *See First Health Grp.*, 269 F.3d at 801. Alternatively, West could have sought permission to pursue an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), on the theory that the decision as to the Charter defendants "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the [otherwise

non-appealable] order may materially advance the ultimate termination of the litigation." *See First Health Grp.*, 269 F.3d at 801–02; *see generally Sterk v. Redbox Auto. Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000).

West pursued neither of these options. He instead opted to pursue the same type of effort to fabricate a final judgment that we have rejected as a transparent effort to circumvent section 1291.

Even so, West might also have chosen to rectify the problem once we flagged the potential lack of a final judgment in soliciting jurisdictional memoranda from the parties and again at oral argument. In other cases, we have deemed it sufficient when a party has disavowed any right to pursue claims or parties that have been dismissed without prejudice. *See Chessie Logistics*, 867 F.3d at 856 (at oral argument, appellee unequivocally agreed that its counterclaims, which had been dismissed without prejudice in the district court, should be dismissed with prejudice); *Kagan*, 724 F.3d at 847 (appellee's jurisdictional memorandum disclaimed any intent to seek further amendment of judgment as to dismissed defendant); *Arrow Gear*, 629 F.3d at 637 (appellant's lawyer committed at oral argument not to re-file suit against two defendants that had been voluntarily dismissed without prejudice); *First Health Grp.*, 269 F.3d at 802 (at oral argument, appellant's lawyer elected to dismiss remaining trademark claims unconditionally, so that they could not be reinstated regardless of outcome of appeal).

But West has never disclaimed the right to resurrect his claims against LG&E that his agreement with LG&E expressly

reserves to him. To the contrary, at oral argument, after the Charter defendants' counsel construed the initial remarks of West's counsel to constitute such a disclaimer and abandoned (to our surprise) their contention that we lack jurisdiction, West's counsel reiterated in rebuttal that the dismissal of LG&E was conditional, as the terms of the tolling agreement make clear it is. Certainly it is West's right to preserve his claims against LG&E. But his refusal to surrender them unequivocally at this juncture makes clear that the judgment in this case is non-final.

There is, consequently, no final judgment as required by section 1291. The parties did not litigate West's claims against LG&E to a final judgment, and their agreed-upon dismissal of those claims allows West to reinstate them in the district court depending upon the outcome of this appeal (were it permitted to proceed). Our precedents foreclose this attempt to manufacture appellate jurisdiction by producing a judgment which has the appearance but not the binding quality of finality.

### III.

For the reasons we have discussed above, we DISMISS the appeal for lack of appellate jurisdiction.