**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2020[*]
Decided September 18, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1895

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 02-cr-135-bbc |
| DONALD HEISLER, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Donald Heisler, a federal prisoner, moved for compassionate release based on his susceptibility to COVID-19 and desire to care for his ailing mother. Initially, the district court denied his motion without prejudice to renewing it once he exhausted his administrative remedies. After the government conceded that he had done so, the district court denied Heisler's motion on the merits. In the meantime, Heisler had mailed a notice of appeal from the first order. We lack jurisdiction over his appeal, however: Heisler has already received the relief he sought concerning the first order—a

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

ruling on the merits—and he did not perfect an appeal of the second. Therefore, we dismiss his appeal as moot.

In April 2020, Heisler moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing, among other things, that his heightened susceptibility to COVID-19 (due to hypertension and obesity) and his mother's grave illness merited his release. The government opposed Heisler's motion because, it believed, he had failed to exhaust his administrative remedies within the Bureau of Prisons before suing.

On May 13, the district court denied Heisler's motion for failure to exhaust without prejudice to re-filing. Although Heisler had unsuccessfully sought relief from the warden, the court noted, he could still appeal within the prison system. The court also stated that, should he renew his motion after exhausting his remedies, Heisler should provide medical records and other support, formulate a release plan, and address the factors in 18 U.S.C. § 3553(a) to help the court evaluate the merits.

From there, the case's procedural history gets slightly complicated. Around May 15, Heisler tendered two motions to staff at his prison (the United States Penitentiary in Florence, Colorado). In the first, labeled a motion for a continuance, Heisler expanded on his reasons for seeking compassionate release. He detailed his mother's quickly declining health (he reported that she has stage III lung cancer) and his plan to care for her, explained where he would live if released, and agreed to be subject to electronic monitoring. He asked for a continuance pending appointment of counsel and, in the alternative, for the court to grant his motion for compassionate release. In his second motion, Heisler sought a stay of the proceedings and an order that he be provided with documents from the case that he had not received, including the government's opposition brief and court's order. Then on May 18, the government filed a letter with the court, explaining that Heisler had, at that point, exhausted his administrative remedies.

On May 26, the court denied the motions for a stay or continuance and for the missing documents. No delay was necessary, the court explained, because there were no filings due or other ongoing proceedings; further, the court assumed that Heisler had by then received the missing documents. Then, noting Heisler's alternative request that the court grant his motion for compassionate release (and presumably accepting the government's stance on exhaustion), the court addressed the merits of, and denied, his request. Heisler failed to provide "any independent evidence" of an "extraordinary and compelling reason" for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13, cmt. n.1 (listing circumstances).

That same day, the district court docketed Heisler's notice of appeal from the May 13 order denying his motion without prejudice based on the failure to exhaust. Heisler had tendered it to prison staff on May 20.

On appeal, Heisler argues that the district court abused its discretion in concluding that he failed to exhaust his administrative remedies before suing. And, he asserts, when the court later denied his motion on the merits, it failed to analyze the factors governing compassionate release. He further argues that the district court should not have denied the request for a sentence reduction without first ruling on his motion for the appointment of counsel.

Before we reach Heisler's arguments, however, we must assure ourselves that we have jurisdiction over this appeal. *West v. Louisville Gas & Elec. Co.*, 920 F.3d 499, 503 (7th Cir. 2019). We do not. The government argues that the district court's first order denying Heisler's motion based on failure to exhaust is not a final, appealable order under 28 U.S.C. § 1291 because it was denied "without prejudice" to him renewing it. That might have been the problem when Heisler first appealed, but now it is something else: His appeal of the first order is moot. A controversy must remain live throughout all stages of litigation for a federal court to exercise jurisdiction. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). Here, after Heisler appealed, the government dropped its exhaustion argument, and Heisler received the relief he sought—a ruling premised on the merits (even if it was not to his liking). *See Palka v. City of Chicago*, 662 F.3d 428, 436 (7th Cir. 2011). There is no live issue for us to decide with respect to the first order.

We also lack jurisdiction to address the denial of the motion for compassionate release on the merits because Heisler did not file a second notice of appeal. His first, which he mailed before the court's May 26 decision, is not effective to bring up that second order. *See Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 849 (7th Cir. 2012); *see also Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (prisoner's notice of appeal is deemed filed when he places it in prison mail system). And Federal Rule of Appellate Procedure 4(b)(2), allowing a premature notice of appeal to be "treated as filed on the date of and after the entry" of final judgment, does not help. The district court had not yet announced its decision on the merits of Heisler's motion when he filed his notice, so the "Rule does not come into play." *Manrique v. United States*, 137 S. Ct. 1266, 1273 (2017); *see also United States v. Collins*, 949 F.3d 1049, 1055 (7th Cir. 2020) (Rule "permits a notice of appeal that is filed too early to be effective only if the issue sought to be appealed has already been resolved").

True, a timely filed appellate brief or other document providing the information required by Federal Rule of Appellate Procedure 3 may be effective as a notice of appeal. *See Halasa*, 690 F.3d at 849. But none of Heisler's filings is timely as to the second order. The motion that we initially construed as his brief challenged only the district court's first order. (Indeed, he mailed the document six days before the second order.) The amended brief that addresses both orders, which he mailed on June 25, came too late to serve as a notice of appeal of the second order, and we may not overlook untimeliness. *See* FED. R. APP. P. 4(b)(1)(A)(i) (setting 14-day limit); *see also Manrique*, 137 S. Ct. at 1274 ("The court of appeals may, in its discretion, overlook defects in a notice of appeal *other* than the failure to timely file a notice."). We therefore lack jurisdiction to review the May 26 order. *See United States v. Bonk*, 967 F.3d 643, 648–50 (7th Cir. 2020).

Because there is no live controversy with respect to the only order properly before us, this appeal is DISMISSED.