2025 IL App (1st) 242292-U
Order filed: August 14, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-2292

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DISGRASE FELYER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 2023 M 1100425 |
| | ) | 2023 M 1101376 |
| THE VILLAGE OF ARLINGTON HEIGHTS, | ) | 2023 M 300871 |
| | ) | 2023 M 300874 |
| Defendant-Appellee. | ) | 2023 M 300875, cons. |
| | ) | |
| | ) | Honorable |
| | ) | Neil T. Cohen, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Circuit court properly granted summary judgment in favor of municipality in this FOIA proceeding, where municipality complied with both Supreme Court Rule 191(a) and the FOIA statute.

¶ 2    Plaintiff-appellant, Disgrase Felyer, brought five lawsuits against defendant-appellant, the Village of Arlington Heights (the Village), pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)), all related to his request for certain records related to plaintiff's 2022 arrest. Plaintiff's lawsuits were consolidated, and the Village filed a motion for summary judgment. The circuit court granted the Village's motion, ruling that the Village fully complied

with both Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) and the FOIA statute. Plaintiff has appealed, and for the following reasons we affirm.

¶ 3 On December 30, 2022, plaintiff was stopped in his vehicle by the Arlington Heights Police Department. Plaintiff was arrested for (i) improper use of evidences of registration or certificate of title; (ii) operation of an uninsured motor vehicle; and (iii) failure to display a valid driver's license. In response to his arrest, between January 3, 2023, and July 22, 2024, plaintiff submitted to the Village numerous requests pursuant to the FOIA statute for various records related to his arrest ("FOIA requests"). Of note, on February 21, 2023, plaintiff submitted to the Village the following FOIA requests for the bonds for Village Police Officers Pitor Gacek and Joshua White, respectively:

"Pursuant to:

AHMC Chapter 4 104(e), 65 ILCS 5/6-4-9, 65 ILCS 5/3.1 1-10-25 (sic), 65

ILCS 5/3.1-10-30, 65 ILCS 5/1-4-6, and 65 ILCS 5/1-4-7 I am requesting

copies of Officer Piotr Gacek oath and bond.

Pursuant to:

AHMC Chapter 4 104(e), 65 ILCS 5/6-4-9, 65 ILCS 5/3.1 1-10-25 (sic), 65

ILCS 5/3.1-10-30, 65 ILCS 5/1-4-6, and 65 ILCS 5/1-4-7 I am requesting

copies of Officer Joshua White 380 oath and bond."

¶ 4 Upon receipt of these specific FOIA requests, Rebecca Hume and Maureen Schmidt, who are FOIA officers for the Village, conducted a search for the requested bonds. After being unable to find any bonds for Officer Gacek or Officer White, the Village denied plaintiff's FOIA requests on February 23, 2023. In its denial notices, Hume explained to plaintiff that the Village was denying the FOIA requests because it did not have the bonds.

¶ 5 Separately, on March 2, 2023, plaintiff also filed a new FOIA request for "the oath and bond for Maureen Schmidt." Upon receipt of this FOIA request, Hume and Schmidt conducted a search. Unable to find any bond for Schmidt, or an oath, the Village denied this FOIA request on March 2, 2023. In its denial notice, the Village explained to plaintiff that the Village was denying the FOIA request because it did not possess a bond or oath related to Schmidt.

¶ 6 Subsequently, on March 7, 2023, plaintiff filed another FOIA request: "Pursuant to 65 ILCS 5/3.1-10-30 I am requesting copies of records stating Rebecca Hume's bond." Upon receipt of this FOIA request, the Village conducted a search. Unable to find any bond for Hume, the Village denied plaintiff's FOIA request on March 7, 2023. In its denial notice, the Village explained to plaintiff that the Village was denying the FOIA request because it did not possess the bond.

¶ 7 Over a year after the denial of the FOIA request for Hume's bond, the Village became aware that the Village's risk management provider, the Illinois Risk Management Agency ("IRMA"), possessed a bond related to Hume. The Village obtained a copy of Hume's bond on June 18, 2024. Upon receipt from IRMA of the bond related to Hume, the Village provided it to plaintiff.

¶ 8 Unsatisfied with the Village's response to his FOIA requests, plaintiff filed a total of five lawsuits against the Village in the circuit court (cases 2023 M 1100425, 2023 M 1101376, 2023 M 300871, 2023 M 300874, and 2023 M 300875). These cases all sought declaratory and other relief for the Village's purported violation of the FOIA statute and were subsequently consolidated and transferred to the chancery division.

¶ 9 Separately, on November 4, 2023, nearly nine months after receiving the Village's denial to his FOIA requests, plaintiff submitted a challenge of the denial of his FOIA requests to the

Illinois Attorney General's Public Access Counselor ("PAC"). On March 25, 2024, the PAC issued a ruling in favor of the Village, finding that: (i) the Village properly denied each FOIA request because no such records existed, and (ii) Plaintiff was mistaken in his assertion that the Village was required by the Illinois Municipal Code to obtain a bond from police officers. Nevertheless, plaintiff persisted with his litigation, filing amended complaints on April 8, 2024.

¶ 10     On July 22, 2024, the Village filed its motion for summary judgment as to the amended complaints. The Village's motion was supported by an affidavit executed by Schmidt. In her affidavit, Schmidt attested to the facts surrounding the Village's receipt of plaintiff's FOIA requests, as well as the procedure the Village followed, in accordance with the FOIA statute, by which the Village searched for records and responded to the FOIA requests. The facts contained within the affidavit were alleged to be based on Schmidt's personal knowledge of events in her role as the Village's Police Records Supervisor. Plaintiff did not offer a counter-affidavit, nor any other evidence, to contradict the facts contained within Schmidt's affidavit in his response to the Village's motion. On September 19, 2024, the circuit court granted the Village's motion. Subsequently, plaintiff filed a motion to reconsider on October 18, 2024, which the circuit court denied on November 6, 2024. Plaintiff filed this appeal on November 18, 2024.

¶ 11     Summary judgment may be entered where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). We conduct a *de novo* review of a ruling on a motion for summary judgment. *Bank of New York Mellon v. Wojcik*, 2019 IL App (1st) 180845, ¶ 19. We may affirm a ruling on a motion for summary judgment on any basis found in the record. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 23.

¶ 12    The parties' contentions regarding the relevant provisions of the FOIA statute also present a question of statutory interpretation, which we also review *de novo*. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 294 (2010). The rules applicable to this task are well-established and were summarized in *Hendricks v. Board of Trustees of the Police Pension Fund*, 2015 IL App (3d) 140858, ¶ 14:

> "The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. [Citation.] The most reliable indicator of that intent is the language of the statute itself. [Citation.] In determining the plain meaning of statutory language, a court will consider the statute in its entirety, the subject the statute addresses, and the apparent intent of the legislature in enacting the statute. [Citations.] If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory interpretation. [Citation.] A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent."

¶ 13    Here, the FOIA statue itself expressly declares the statute's public policy and the legislature's intent. Section 1 provides that "it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act." 5 ILCS 140/1 (West 2022). Section 1 goes on to explain that "[s]uch access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." *Id.* As such, section 1 provides that "[i]t is a fundamental obligation of government to operate openly and provide public

records as expediently and efficiently as possible in compliance with this Act." *Id.* Indeed, section 1.2 of the FOIA statute provides that "[a]ll records in the custody or possession of a public body are presumed to be open to inspection or copying. Any public body that asserts that a record is exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt." *Id.* § 1.2. An individual who has been denied access to records may file an action in the circuit court for injunctive or declaratory relief. *Chicago Tribune Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 23; 5 ILCS 140/11(a) (West 2022).

¶ 14 We first address plaintiff's contention on appeal, with respect to each of the five consolidated lawsuits filed below, that the circuit court improperly granted summary judgment in favor of the Village because the affidavit filed in support of the motion failed to comply with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). We disagree.

¶ 15 Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) generally provides that affidavits in support of a motion for summary judgment "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." "An affidavit satisfies the requirements of Rule 191(a) if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents." (Internal quotation marks omitted.) *Madden v. F.H. Paschen/S.N. Nielson, Inc.*, 395 Ill. App. 3d 362, 386 (2009).

¶ 16 Here, plaintiff does not assert that Schmidt's affidavit by *itself* violates Rule 191(a) in any

way or fails to comply with the rule's requirements. Indeed, a review of that affidavit reveals that its content was based on the personal knowledge of Schmidt, and it was reasonable to infer that Schmidt could competently testify to its contents. *Id*.

¶ 17    Rather, plaintiff contends that while the motion for summary judgment was supported by an affidavit executed by Schmidt, Hume was also involved in processing his FOIA requests and was the specific Village employee that provided the written responses to the FOIA requests. Plaintiff contends, therefore, that Hume was also required to file an affidavit, as the record reveals that "all the facts involved with the search of the public records are within the personal knowledge of two persons." This argument relies upon the specific language in Rule 191(a) (eff. Jan. 4, 2013) that "[i]f all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used."

¶ 18    We reject this contention. The rule only requires two or more affidavits where "all of the facts *to be shown* are not within the personal knowledge of one person." (Emphasis added.) Plaintiff does not identify any "facts to be shown" contained in Schmidt's affidavit that were not within her personal knowledge, such that the Village's reliance upon her affidavit itself would violate Rule 191(a). Rather, he contends that there are *additional facts* that the Village needed to "show" to successfully support its motion for summary judgment, and that those facts could only have been established *via* an affidavit executed by Hume. However, we conclude that this argument goes to the substantive merits and sufficiency of the Village's motion for summary judgement, rather than to any failure to comply with Rule 191(a). Whether or not Schmidt's affidavit alone was sufficient to support the Village's motion for summary judgment is an issue we will address below in the context of plaintiff's specific challenges to that ruling.

¶ 19    Plaintiff next contends that summary judgement was improperly granted in favor of the

Village as to two of the consolidated lawsuits (2023 CH 300871 and 2023 CH 300874) because the Village improperly identified him as a "recurrent requester" under the FOIA statute and therefore improperly and untimely processed the FOIA requests referenced in these two complaints under that categorization. We again disagree.

¶ 20 As the Village has correctly noted both below and on appeal, the FOIA statute allows governmental bodies additional time (21 business days) to respond to the FOIA requests from a "recurrent requester," as defined by the FOIA statute. See 5 ILCS 140/2(g), 3.2 (West 2022). And, as plaintiff has properly noted both below and on appeal, there is also authority to support the contention that separate municipal departments can be considered separate "subsidiary" public bodies under the FOIA statute. See *Board of Regents v. Reynard*, 292 Ill. App. 3d 968, 978 (1997); 5 ILCS 140/2(a) (West 2022). However, we reject plaintiff's contention that he made FOIA requests to separate municipal departments of the Village (*i.e.*, the Village's Clerk and Police Department), those separate requests should therefore not have been viewed together in determining whether he was a "recurrent requester" under the FOIA statute so as to allow the Village additional time to respond, and that therefore summary judgment was improperly granted to the Village on this basis with respect to the specific FOIA requests at issue in cases 2023 CH 300871 and 2023 CH 300874.

¶ 21 While plaintiff has repeatedly contended that he made such separate FOIA requests to the Village's Clerk and Police Department, there is no support in the record for this contention with respect to the FOIA requests at issue in cases 2023 CH 300871 and 2023 CH 300874. The FOIA requests attached by plaintiff as exhibits to each of those two complaints are simply labeled "VILLAGE CLERK FOIA," with no indication that they were alternatively or additionally made to the Village's Police Department. Furthermore, Schmidt's affidavit specifically averred that

plaintiff "submitted 52 FOIA requests to *the Village* between January 3, 2023, and July 22, 2024." (Emphasis added.) As plaintiff filed no counter-affidavit in response, this assertion stands unrebutted and must be taken as true. See *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 9 (When not contradicted by counter-affidavit, facts contained in an affidavit provided in support of a motion for summary judgment are taken as true for the purpose of the motion). There is thus no support in those FOIA requests themselves, nor anywhere else in the record, for plaintiff's contention that the FOIA requests at issue in cases 2023 CH 300871 and 2023 CH 300874 were improperly identified as having been received from a "recurrent requester."

¶ 22    Next, we address plaintiff's last specific argument on appeal, in which he contends that the circuit court improperly granted summary judgment in favor of the Village as to count 4 of the complaint he filed in case 2023 M 300875. We disagree.

¶ 23    In that count, Plaintiff specifically alleged that the Village improperly responded to the FOIA request he submitted to the "FOIA VILLAGE TREASURER" on March 7, 2023, in which plaintiff requested "copies of records stating Rebecca Hume's bond." The Village denied plaintiff's FOIA request on March 7, 2023, and in the denial notice Hume explained the Village was denying this FOIA request because it did not have possession of the bond. As explained in Schmidt's affidavit, that bond was provided to plaintiff a year later when it was found to be in the possession of the Village's risk management provider.

¶ 24    On appeal, plaintiff contends that summary judgment was improperly granted to the Village as to this count because the Village "failed to conduct a reasonable search for the public records" where "Hume is not the village treasurer nor does she work for the Treasurer's Office." Plaintiff further contends that:

  "Over a year later Defendant finally turned over the public records. Rebecca Hume never

submitted an affidavit stating why she denied the request *** and why the public record was released over a year later. All the Defendant had to do was search the Treasurer's Office for the records and if the bond couldn't be found, simply get a copy [from] the risk management company. That could have been done within 5 business days or 10 days with an extension. It was a complete act of bad faith to release the public records over a year after the FOIA request."

¶ 25    As discussed above, Schmidt provided an affidavit in which she averred to the Village's processing of this FOIA request and specifically explained how and why Hume's bond was not originally located and how it was finally delivered to plaintiff. In response, plaintiff provided no counter-affidavit or other factual or evidentiary support to contradict those averments. And on appeal, all plaintiff has presented to this court are his unsubstantiated and unsupported assertions that the Village somehow could have and should have taken other actions to respond properly to this FOIA request. Again, however, when not contradicted by counter-affidavit, facts contained in an affidavit provided in support of a motion for summary judgment are taken as true for the purpose of the motion. *Sconyers*, 2014 IL App (1st) 130023, ¶ 9. Without being presented with any proper factual evidence to the contrary, we must conclude that there is no genuine issue of material fact with respect to this claim and that the circuit court properly granted summary judgment in favor of the Village as to count 4 of the complaint he filed in case 2023 M 300875.

¶ 26    Finally, we note that other than the specific arguments addressed above, plaintiff has raised no other arguments on appeal challenging the award of summary judgment in favor of the Village on each of the five consolidated cases filed below. He has therefore forfeited any such further challenges on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 27    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28    Affirmed.